Scott *v.* Dow.

J. W. SCOTT v. WILLIAM DOW, SHERIFF.

If the plaintiff, after notice of amercement, informs the sheriff by letter, "that he should not move to amerce him in pursuance of such notice, but should trust to his raising the money in the following vacation," he cannot afterwards move to amerce the sheriff because he has neglected to file a just and true inventory of the goods and chattels of the defendant. But if the sheriff shall neglect to raise the money during the said vacation, or to proceed to a sale, as he ought to do, and has time enough to do, he will be amerced.

The word to "execute", as used in the 22d section of the act concerning sheriffs, *Rev. Laws*, 241, means to "fulfil or complete the execution."

A notice of amercement is operative from the time of service, and is good without a date, or with an impossible date.

*W. Halsted*, at the last term, moved to amerce the sheriff of Essex on the following statement of facts :

"An execution was issued on a judgment obtained in this court and put into the hands of William Dow, sheriff of Essex, returnable to the term of November, 1832.   The sheriff returned the execution with a proper levy upon goods and chattels, lands and tenements, subject to prior incumbrances ; and filed the levy and inventory more than ten days before September term last.   Notice of amercement was given to the sheriff, and after that, and before the term, the plaintiff wrote a letter to the sheriff and therein informed him, that he should

Scott *v.* Dow.

not move to amerce him at the said September term, but should
trust to his raising the money in the following vacation. The
sheriff did not raise the money, and on the fifteenth day of
January last, notice of amercement was again served on the
sheriff, that the court would be moved at the February term to
amerce him. The notice is dated on the sixteenth of January."

*Scudder*, contra.

The opinion of the court at this term, was delivered by

HORNBLOWER, C. J. The first ground on which the claim
for an amercement is founded, is, that the sheriff has neglected
to file a just and true inventory of the goods and chattels, &c.
The case of the *Paterson Bank* v. *Hamilton*, 1 *Green*, 159, is
conclusive against the plaintiff on this point. It is true, the in-
structions given to the sheriff to stay proceedings on the exe-
cution, in this case, are not in such broad and distinct terms,
as they were in the case just cited; but they are in effect and
substantially the same. In that case the attorney for the bank
wrote to the sheriff, that he might " adjourn the sale, and stay
until further orders." In this the plaintiff writes to the sheriff,
after having given him a notice of amercement, that he should
not move to amerce him pursuant to the notice, at the Septem-
ber term, but should *trust* to his raising the money in the follow-
ing vacation. This was not only a waiver of the notice that had
been given, but of all exceptions to the sufficiency of the return,
and in the language of the court, in the case above mentioned,
it absolved the sheriff from any neglect to execute the writ
which had previously occurred. The duties and the responsi-
bilities of sheriffs are unpleasant and onerous; they ought to
be dealt with in all fairness and candor, and again to use the
language of the court in the *Bank* v. *Hamilton*, " If the plain-
tiff meant to have held the sheriff to any previous liability, so
as to have afterwards enforced it against him, he should have
abstained from all interference, or have given his direction in a
qualified manner, substantially, but distinctly apprizing the
sheriff, that the delay, if it occurred, was to be at *his* risk and
to waive no existing liability on his part." It is no answer to
say the instructions were only permissive; so they were in the
case before cited; the language there was 'you may adjourn, &c.'
Here the plaintiff says, ' I shall not move to amerce you, &c.'

but shall trust to your raising the money in the next vacation;' which is nothing else, in other words, but saying you need not proceed to execute the writ any further at present; I don't want you to raise the money now; it will be time enough to do so next vacation. Suppose the sheriff, notwithstanding these instructions, had proceeded to a sale of defendant's property, would not the defendant have had just reason to complain of the sheriff's conduct, as a wanton and unnecessary act of oppression?

A plaintiff ought not first to disarm a sheriff, and then hold him liable for not executing a writ. If a plaintiff is willing to indulge his creditor, he ought not to do it at the hazard or expense of the sheriff, nor by exposing him to the complaints and censures of the defendant, for pressing the execution with needless severity. The second ground for amercement, specified in the notice, is, that the sheriff has neglected, for the space of two months, to render to the plaintiff the moneys received on the sale of the defendant's estate, &c. But there is no evidence or pretence that any moneys have been so received, and consequently this ground of amercement is unsupported. The third and last reason assigned in the notice is, that the sheriff has neglected or refused to execute the writ of execution according to law.

The word " execute" as used in the twenty-second section of the statute, *Rev. Laws,* 241, on which this notice is founded, cannot be restrained to the limited sense, very properly assigned to it in the case of *Den* v. *Young,* 7 *Halst.* 300. In that case the court were considering the meaning of the word ' executed ' as used in the thirteenth section of the act making land liable to be sold for the payment of debts, *Rev. Laws,* 430. The legislature, in that statute, were prescribing a rule of priority between persons claiming under executions; but in this, they are subjecting the sheriff to liability for neglect of his duty. The word *execute,* as here used, must be taken in the larger sense of the term, mentioned by the Chief Justice in the case of *Den* v. *Young,* viz. to *fulfil* or complete the execution. This the sheriff has certainly neglected to do, for although the plaintiff arrested his progress prior to September term, 1833; yet he distinctly gave him to understand he would expect him to raise the

money during the next vacation.  The sheriff neglected to do so, or to proceed to a sale, and thus to fulfil or complete the execution, as he ought to have done, and had time enough to do.  For this neglect no excuse is offered.

It is objected that the notice of amercement is dated the 16th January, 1834, whereas it was served, and the affidavit of service made, on the 15th of that month: this is unimportant; the notice would have been good without a date, or with an impossible date.  It operated as a notice from the time of service.

The sheriff must be amerced.

CITED in *Stryker* v. *Merseles,* 4 *Zab.* 544 ; *Waterman* v. *Merrill,* 4 *Vr.* 382 ; *Harris* v. *Kirkpatrick,* 6 *Vr.* 393 ; *Kemble* v. *Harris,* 7 *Vr.* 528-530.